CHARLES W. VAN HORN *v.* ROBERT KERMIT and CHARLES CAROW.

*It seems,* that a carrier of passengers at sea, may require that portion of the baggage not necessary for daily use, to be deposited in any suitable place which he or his agents may designate.

But, in the absence of such designation, the passenger, in order to hold the shipowner responsible for the safety of his baggage, is not bound, of his own mere motion, to place it beyond his own reach, in the special charge of the officers of the ship.

The ship having arrived in port, her officers or owners may require the passenger to remove his baggage within a reasonable time, and thus exonerate

Van Horn *v.* Kermit.

themselves from further responsibility as carriers for its safe keeping or delivery.

As where the vessel arrives on Monday, and the master and mate, on Tuesday, request the passenger to remove his baggage, and the latter, failing to do so, discovers the loss thereof upon visiting the ship the day following, Wednesday.

Where no such notice is given, the owners of the vessel are relieved from the strict responsibility of common carriers, after the baggage has remained on board a reasonable time, as, for example, twenty-four hours.

But they continue liable as bailees, if a loss occurs through their negligence.

And where the vessel arrived Monday evening, and the loss took place on or before Wednesday, while the ship was in the care of the owners or their agents; *held,* that the burthen was upon them to show that it occurred without fault on their part, or that of their servants.

The passenger, having been received on board, is entitled to a safe keeping of his baggage, although he may not have paid his passage money.

The evidence in this case, that the defendants were joint owners of the ship, held sufficient.

Guns for sporting purposes, and a small amount of materials for clothing, may be included in the baggage of a passenger from Europe to New York, for which the carrier is responsible.

THIS suit was prosecuted by the plaintiff, as the assignee of the claim of one Bogle, for the value of baggage lost upon a ship jointly owned by the defendants. Bogle was a passenger in the vessel, on her passage from Liverpool to New York, where she arrived upon Monday evening. On Tuesday the passenger went to the ship, and visited her again on Wednesday. Upon the day last mentioned, the baggage in question was missing. The other facts and evidence bearing upon the questions discussed on the appeal, fully appear in the opinion.

*Robert B. Campbell* and *Albert G. Stevens,* for the defendants, cited 2 Kent's Com. 768; *Tower* v. *U. & S. R. R. Co.* 7 Hill, 47; Angell Com. Car. §§ 113, 115, 140, 322, 334; 2 Bos. & P. 419; *Brand* v. *Dale,* 8 C. & P. 640; *Boys* v. *Pink,* 8 id. 361; *Syms* v. *Chaplin,* 5 Adolph. & El. 634; *East Ind. Co.* v. *Pullen,* 1 Strange, 290; *Burgess* v. *Clements,* 4 Maule & Sel. 306; Jer. Law Car. 150, 156; *Whally* v. *Ray,* 3 Esp. 74; *Farnworth* v. *Packard,* 1 Holt N. P.

R. 209; Story Bail. 491; *Hawkins* v. *Hoffman*, 6 Hill, 580; *Pardee* v. *Drew*, 25 Wend. 459; 13 id. 611.

*Rudolph W. Townsend*, for the plaintiff.

By THE COURT. WOODRUFF, J.—The suggestion that a traveller on a voyage at sea must, in order to make the ship owner responsible for the safety of his baggage, place it beyond his own reach, in the special charge of the officers of the ship, has, I apprehend, no foundation. The passenger must necessarily require frequent access to his trunks, and unless it appears that he is required to see that they are deposited in some other place on shipboard, there would seem to be none more appropriate than the stateroom or cabin assigned to him for use during the voyage. Doubtless the carrier may require that portion of the baggage not necessary for daily use by the passenger to be deposited in any suitable place which he, or his agents, may designate; but there is nothing in the evidence given on the trial in this case to indicate that the passenger assumed or exercised any exclusive control over his baggage, or that it was not kept during the voyage just where it was proper to keep it, or that there was any other place in which it might have been deposited. The master and officers of the ship had the control of all the arrangements, and the presumption is that the baggage was kept in the place assigned by them for that purpose.

The ship having arrived in port, the ship's officers, or the owners, had a right to require the passenger to remove his baggage within a reasonable time, and so to exonerate themselves from responsibility, as carriers, for its safe keeping; and if, upon the evidence, it had been found by the court that on the day succeeding the night of the ship's arrival, viz., on Tuesday, the master and mate had notified, or directed the passenger to remove his baggage, I think he could not recover for a loss happening thereafter without their fault; but whether such direction was given was a question of fact, in regard to which the testimony was con-

flicting, and the finding of the court below must be deemed by us conclusive. The finding, in this respect, was certainly not so against evidence as to warrant our interference upon that ground.

I do not understand the evidence to be, that the defendants were not paid for the passage of the owner of the baggage, but the contrary is testified; and not only so, they received him on board, with his baggage, as a passenger, and if his passage money has not been paid, they may collect it. To charge the carrier it is not indispensable that passage money should be paid in advance, nor is it material whether he pays for his passage himself, or it is paid for him by his friends. In either case, he is entitled to have his baggage safely brought and delivered.

I incline to the opinion that the appellants are correct in saying, that the vessel having arrived on Monday night, and the passenger having had the whole of Tuesday in which to remove his baggage, the liability of the defendants, as common carriers, had ceased; and that if they had shown that the loss which occurred after that time had happened without fault or negligence on their part, or on the part of their agents, they would not be liable; but if not liable, as common carriers, to the full extent of insuring the safety of the goods, they were not relieved from all care of the property and all responsibility for its delivery when demanded. They could, as before suggested, notify the passenger to remove it on that day; but if they did not, they were bound to preserve it with ordinary care, and, as bailees, were chargeable if it was lost through their negligence. Upon proof that it could not be found when the passenger returned to the ship, on Wednesday, the ship being mean time in the care of the owners, it was, at least, the duty of the owners to show that the loss occurred without their fault or that of their servants. This they did not do, nor attempt to do, except so far as the language of the witness, who speaks of the property as stolen, and of the loss as robbery, seems to indicate that some third persons may have taken the goods. The evidence does

not show that the property is not still in the possession of those who had charge of the ship when the passenger left, on Tuesday. A portion of the contents of the missing trunk distinctly appears to have come into the actual possession of the defendants, in their store. Clearly they did not, on the trial, exonerate themselves and their agents from the presumption of negligence which the absence and non-production of the property left in their charge on Tuesday warranted.

The proof that the defendant, Kermit, was a joint owner with Carow, is not very explicit; but we cannot say that the finding below was, in this respect, without evidence. Indeed, the appearance of the whole case, upon the return, suggests most clearly, to my mind, that this point was not controverted on the trial. But there was some evidence on the subject. It is true that, until the copartnership of the defendants in the business was proved, the declaration of the defendant, Carow, was not competent evidence to charge his co-defendant; but it was, as to Carow, an admission that he was one of the owners. The bookkeeper " of the defendants" was examined, and he proved that they were parties, and that he was their bookkeeper in their office. Some of the goods were found and delivered to the passenger at their office. The bookkeeper, in his testimony, using language commonly used by clerks in speaking of their principals, says, Alexander Taylor & Co. are " our agents at Liverpool for this ship." Now, although slight rebutting evidence would have been sufficient to overcome this proof, the court below, in the absence of such evidence, were warranted in finding it *prima facie* proof that the partnership proved embraced the business of this ship. Besides, although the declaration of Carow was not competent evidence, and must have been rejected if objected to on behalf of Kermit, I am not prepared to say, that when received without objection it might not be taken by the court as evidence of the fact.

I find nothing in the list of the goods lost which we can say a passenger making a voyage from a foreign country might not, with propriety, take with him as baggage, or that

we can say was not suitable or proper for his personal convenience on the journey, or his amusement and use in the country to which he was bound. His guns for sporting, and the small quantity of clothing materials certainly were not so. The cases cited, when applied to a man on a foreign voyage, establish no such result. (*a*)

The testimony of the witness, in relation to the fact of loss, the description of the goods lost, and their value, I think *prima facie* sufficient. Although he had not examined "his things" for six or seven months before the loss, the witness is quite explicit as to the contents of his trunks and the articles lost. And on the passage, although he did not examine them in detail, he unlocked the trunks, and says, that there was no difference in the appearance then and when he did examine them six months before.

We cannot say that this evidence was insufficient to sustain the finding. And so in regard to the value of the goods, the witness speaks explicitly, and is not contradicted.

I do not perceive any sufficient reason for disturbing the finding of the court below, or for reversing any rulings had on the trial.

Judgment affirmed.

---

(*a*) See the case of *Duffy* v. *Thompson*, *ante*, p. 178.